UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stewart Buchanan, #069848,<br><br>                          Plaintiff,<br><br>vs.<br><br>Robert Brown, in his individual capacity;<br>David Tartarsky, in his individual capacity;<br>First Name Unknown Bowie, in her individual capacity,<br><br>                          Defendants. | C/A No. 3:10-2833-DCN-JRM<br><br>**Report and Recommendation** |

This case was removed to the United States District Court for the District of South Carolina by the Defendants on November 2, 2010. ECF No. 1. The underlying case in state court was filed by a Plaintiff, Stewart Buchanan (Plaintiff), who is incarcerated at the McCormick Correctional Institution. After review of the pleadings, the Court finds that this case should be remanded because the Court lacks subject matter jurisdiction.

Background

Plaintiff's complaint, filed with the Richland County Court of Common Pleas, indicated that he "has been deprived of substantial personal property, deprived of constitutionally secured due process of law and deprived of constitutionally secured equal protection of the law by each and every defendant, all in violation of South Carolina State law, custom and usage, and in violation of the South Carolina Constitution." ECF No. 1-1, page 3. Plaintiff's complaint reiterates his intent to file under the South Carolina State Constitution two additional times. ECF No. 1-1, pages 7, 12. However, the Defendants' Notice of Removal stated that Plaintiff's claims were removable because Plaintiff

"appears to have alleged claims pursuant to 42 U.S.C. § 1983 for unconstitutional seizure of property and deprivation of due process rights." ECF No. 1, page 2.[1]

Plaintiff responded to the Defendants' Notice of Removal by filing an objection and motion to remand this case to state court. ECF No. 8. Plaintiff's objection indicates that he has not "alleged any claims for seizure of property and deprivation of due process rights protected by the United States Constitution." *Id.* at 3. Plaintiff further "denies that this case involves any federal question." *Id.* Plaintiff asks the Court to remand this case to the Richland County Court of Common Pleas. *Id.* at 6.

On December 2, 2010, the Defendants filed their response to Plaintiff's motion to remand. ECF No. 11. The Defendants' response indicates that "Plaintiff's assertion that Defendants were effectively served on October 1, 2010 is without merit." *Id.* at page 2. The Defendants claim that the instant action was both timely and appropriately removed to this Court. *Id.* The Defendants state that they would consent to this matter being remanded to the Richland County Court of Common Pleas, only if "any and all perceived federal statutory, common, or constitutional law claims are dismissed with prejudice." *Id.* at 2-3.

Discussion

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. *See* 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.

---

[1]Defendants do not allege jurisdiction under the diversity statute, 28 U.S.C. § 1332.

Various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D. S.C. 1990); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990). It is well settled that a Notice of Removal must be filed by a defendant in the state court action within thirty days after the complaint in state court is served or within thirty days *after* the case becomes removable. *See* 28 U.S.C. § 1446; *Heniford v. American Motors Sales Corporation*, 471 F. Supp. 328, 337 (D.S.C. 1979). A plaintiff's objection to an untimely removal by a defendant, in certain circumstances, is a waive-able defense *when a federal district court otherwise would have subject-matter jurisdiction*. In other words, if there is federal question jurisdiction or if there is diversity of citizenship, a plaintiff must file a motion to remand within thirty days after the Notice of Removal was filed. *See* 28 U.S.C. § 1447(c). If a plaintiff does not file a motion to remand within thirty days of the filing of the Notice of Removal, the plaintiff waives all procedural defects in the removal. *See In Re Shell Oil Co.*, 932 F.2d 1523, 1527 & nn. 6-7 (5th Cir. 1991).

Even so, applicable case law and statutory law, including 28 U.S.C. § 1447(c), provide that subject-matter jurisdiction cannot be conferred by estoppel, waiver, or consent. *See Buchner v. Federal Deposit Ins. Corp.,* 981 F.2d 816, 818 (5th Cir. 1993)("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver"); *Page v. Wright*, 116 F.2d 449, 451-455 (7th Cir. 1940). As a result, even if a plaintiff fails to object to a Notice of Removal within thirty days after the Notice of Removal is filed, a federal district court must still remand the case to state court if there is no federal question jurisdiction or diversity jurisdiction. Although a federal court is not bound by the parties' characterization of a case or its appropriate parties, a district court must first look at the plaintiff's complaint filed in a state court to determine if

"federal question" jurisdiction is present. *See Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334 (E.D. N.C. 1992). District courts are authorized to disregard such characterizations only to avoid "unjust manipulation or avoidance of its jurisdiction." *Id.* at 334-35.

The law in this Circuit is unclear as to whether a magistrate judge has the authority to remand a matter to state court. However, at least one district court in this district has addressed this issue in a published opinion and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.,* 783 F. Supp. 249, 250 (D.S.C. 1992). In addition, three federal circuit courts, which have addressed this matter in published opinions, have reached a similar result, holding that an order to remand is a dispositive motion. *See Vogel v. U.S. Office Products Co.,* 258 F.3d 509, 517 (6th Cir. 2001); *First Union Mortgage Corporation v. Smith*, 229 F.3d 992, 994 (10th Cir. 2000); *In re U.S. Healthcare*, 159, F.3d 142, 145 (3d Cir. 1998). Therefore, a report and recommendation has been prepared in this case.

The instant complaint, originally filed by the Plaintiff in the Court of Common Pleas for Richland County, fails to invoke federal question jurisdiction. Plaintiff's pleading states that the action was filed pursuant to South Carolina law and the South Carolina Constitution, and Plaintiff's objection to the Defendants' Notice of Removal clearly indicates that Plaintiff is not bringing the instant claim pursuant to 42 U.S.C. § 1983. Further, the basis for Plaintiff's action involves the Defendants' alleged confiscation of Plaintiff's personal property. Such a claim, while cognizable under state law, would likely be subject to dismissal under 42 U.S.C. § 1983.[2] As Plaintiff has

---

[2]The Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995). *See also DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-203 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law).

(continued...)

carefully crafted his complaint to raise state law and state constitutional issues, the Court lacks subject matter jurisdiction in this action. Therefore, the case should be **remanded** to the South Carolina Court of Common Pleas for Richland County for disposition.

Recommendation

Accordingly, is *recommended* that Plaintiff's motion for remand to state court be granted, and that this matter be remanded to the Court of Common Pleas for the County of Richland. Since this is only a recommendation, IT IS ORDERED that the Office of the Clerk of Court shall <u>not</u> immediately certify this Order to the Court of Common Pleas for Richland County. If the parties in this case fail to file written objections to this Report and Recommendation within fourteen (14) days after this document is filed, or, if any party files written objections to this Report and Recommendation within fourteen (14) days after this document is filed, the Office of the Clerk of Court, at the end of the fourteen-day period, shall forward the case file and any objections to a United States District Judge for a final disposition. The parties' attention is directed to the important notice on the next page.

December 9, 2010  Joseph R. McCrorey
Columbia, South Carolina  United States Magistrate Judge

---

[2](...continued)
Moreover, an *intentional* deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517 (1984). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).